DUMONT, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA,
RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegatoria de inscripción de una información de dominio.

No. 510.—Resuelto en marzo 30, 1922.

INFORMACIONES DE DOMINIO—PRESCRIPCIÓN ORDINARIA—COMPUTACIÓN DEL TÉRMINO.—En la computación del tiempo necesario para la prescripción ordinaria del dominio, el promovente de la información puede completar el término de posesión requerido uniendo al suyo no sólo el de su inmediato causante, sino el de todas las personas de quienes trae causa.

ID.—INSCRIPCIÓN DEL DOMINIO ESTANDO INSCRITA LA POSESIÓN.—La persona que tiene inscrita la posesión de un inmueble no está obligada a seguir el procedimiento fijado por la ley para convertir la inscripción posesoria en inscripción de dominio, sino que si antes reune los datos necesarios, puede iniciar un expediente para acreditar su derecho dominical e inscribirlo en el registro.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. F. Navarro Ortiz.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama una resolución de la corte del distrito declarando justificado a favor de José Dumont López el dominio de tres fincas rústicas, el registrador se negó a inscribirlo por los siguientes motivos:

"Denegada la inscripción del precedente documento en cuanto a la finca marcada con la letra A por el defecto de que resultando del mismo documento que el promovente José Dumont López adquirió el inmueble el día diez de mayo de mil novecientos veinte por compra a los esposos Miguel Guzmán Texidor y María P. Serrant quienes a su vez lo hubieron el quince de mayo de mil novecientos diez y ocho por compra a Pedro Martínez Acevedo, no resulta haber transcurrido el término de diez años fijado para la prescripción adquisitiva del dominio (artículo 1858 del Código Civil), y si bien aparece que se relacionan la forma y tiempo en que adquirieron los anteriores dueños el inmueble referido, no es admisible la extensión

que aparece haberse dado a la disposición del artículo 1861 del mismo código para la computación del tiempo para la prescripción por referirse este precepto legal al tiempo de posesión del causante del promovente y no al tiempo de posesión de los causantes del causante del peticionario. Y en cuanto a las fincas marcadas con las letras B y C por el defecto de que estando éstas inscritas, según el registro, a nombre del peticionario José Dumont López, en virtud de título posesorio cuya fecha de inscripción es la de ocho de abril de mil novecientos diez y nueve, y debiendo, desde esa fecha, empezar a correr el término de la prescripción conforme a lo dispuesto en el artículo 35 de la Ley Hipotecaria, no resulta que haya transcurrido el término de diez años fijado por el citado artículo 1858 del Código Civil para adquirir el dominio por prescripción.''

1. Sostiene el registrador que a los efectos de fijar el período de diez años necesario para adquirir por prescripción con buena fe y justo título, no es posible ir más allá del inmediato causante del promovente y se basa en los términos en que aparece redactado el artículo 1861 del Código Civil. Dicho artículo es igual al 1960 del Código Civil antiguo y dice en lo pertinente así:

''Art. 1861.—En la computación del tiempo necesario para la prescripción se observarán las reglas siguientes:

''1. El poseedor actual puede completar el tiempo necesario para la prescripción, uniendo al suyo el de su causante.

''2. * * * .''

A nuestro juicio la cuestión es tan clara que se ha asumido sin discutirlo que la ley permite sumar a la suya la posesión en concepto de dueño de todas las personas de quienes trae causa el actual poseedor, a los fines de completar el término de la prescripción. Si el legislador hubiera querido circunscribir los efectos del número primero del artículo 1861 del Código Civil a la persona de quien adquirió directamente la finca el poseedor actual, en vez de decir ''uniendo al suyo el de su causante,'' hubiera dicho, por ejemplo, ''uniendo al suyo el de su inmediato causante.'' Si A posee una finca en concepto de dueño y la vende a B, y si B la

sigue poseyendo en tal concepto y la vende a C, no sólo B es causante de C, si que también lo es A. Véanse la sentencia del Tribunal Supremo de España de 21 de diciembre de 1880, 44 J. C. 564, y las decisiones del Tribunal Supremo de Puerto Rico en los casos de *Cruzado* v. *López Ballester,* 26 D. P. R. 163, y *Mestre* v. *Michelena,* decidido el 7 de marzo actual, (pág. 148).

En la jurisprudencia americana la cuestión es clara. "Para que pueda perfeccionarse el título mediante la posesión adversa, tal posesión debe ser continua por todo el término fijado por el estatuto de prescripciones (*limitations*)," dice Corpus Juris, vol. 2, pág. 80, y explica ampliamente el principio. Luego expresa:

"No se deduce de nada de lo que hasta aquí hemos dicho que sea necesaria la posesión continua por determinada persona para la adquisición de título mediante posesión adversa. Por el contrario, es una regla de aplicación casi universal que si hay un nexo entre los tenedores sucesivos que han estado en posesión continua adversa al título legítimo, los sucesivos términos de tenencia pueden ser unidos o anexados entre sí para componer el término de posesión adversa prescrito por el estatuto en contra de tal título." 2 C. J. 82–83.

Las citas que sostienen el texto proceden de muchos Estados, encontrándose entre ellos el de Luisiana. Véase *Mouliere* v. *Coco et al.,* 41 S. 113; *Calvet* v. *Martin,* 29 D. P. R. 644.

2. La cuestión envuelta en el segundo motivo de la nota se resuelve aplicando los principios consignados en el caso de *Collazo* v: *Registrador de Guayama,* 26 D. P. R. 478. Por el hecho de haber una persona tramitado un expediente posesorio e inscrito por tal medio su posesión en concepto de dueño en el registro, no está impedida de tramitar después un expediente de dominio. Si dicha persona adquiere los datos necesarios para probar que el dominio le pertenece, no está obligada a aguardar que transcurra el término que fija

la Ley Hipotecaria para que pueda convertirse en inscripción de dominio la de posesión previamente verificada.

Debe revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.